[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10354
Non-Argument Calendar

_____

BIA No. A96-093-919

JOSE JULIAN HOYOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 14, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jose Julian Hoyos, a citizen of Colombia, petitions through counsel for

review of the Board of Immigration Appeals's ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal. Hoyos argues on appeal that he demonstrated, through testimonial and documentary evidence, past persecution and a well-founded fear of persecution. Specifically, Hoyos contends that the Armed Revolutionary Forces of Colombia ("FARC") persecuted him by means of telephonic threats and a physical confrontation. Hoyos claims he was targeted because the radio station for which he worked (1) "advocated for alternative forms of crops, instead of the FARC-supported cultivation of illicit crops"; (2) "overtly supported the campaign of Alvaro Uribe-Velez, an outspoken enemy of the FARC"; and (3) refused to support the FARC with contributions.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA expressly adopted the IJ's decision "to the extent the [IJ] determined the respondent did not meet the burden of proof for asylum, withholding of removal, or protection under the Convention Against Torture." Accordingly, we review the IJ's decision. Insofar as the IJ's decision was based upon a legal determination, our review is de novo. *See Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial evidence test, and we must affirm the IJ's

2

decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Najjar*, 257 F.3d at 1284 (internal quotes and citation omitted); *Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the Immigration and Nationality Act's ("INA") definition of "refugee." *Id.* § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

*Id.* § 1101(a)(42)(A). The burden of proof is on the alien to establish that he is a refugee by offering "credible, direct, and specific evidence in the record." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotes and citation omitted).

Initially, we note that "IJ[s] must make clean determinations of credibility."

3

*Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (internal quotes omitted). Here the IJ found, based upon the whole of the evidence, that Hoyos's credibility was "somewhat diminished." Although the government contends that this amounted to an adverse credibility finding, the IJ also stated that he "did not find [Hoyos] to be incredible." In any event, the thrust of the IJ's analysis focused on the insufficiency of evidence to support eligibility for asylum or withholding of removal, not credibility issues. *See id.* We therefore assume that the IJ's credibility determinations were not dispositive of Hoyos's case, and will focus on the merits of his claim. *See id.*

To establish asylum eligibility, an alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); *Najjar*, 257 F.3d at 1287. If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon a return to that country unless the government shows by a preponderance of the evidence that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal or that the alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. § 208.13(b). An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a

4

future threat to his life or freedom on a protected ground in his country. *Id.* §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Najjar*, 257 F.3d at 1289.

A request for withholding of removal requires an alien to show that his life or freedom would more likely than not be threatened in his country of origin on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (per curiam). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287. Where a claimant fails to establish eligibility for asylum, which carries a lower burden of proof than for the withholding of removal, he likewise fails to establish eligibility for withholding of removal. *See Najjar*, 257 F.3d at 1293.

"The statutes governing asylum and withholding of removal protect not only against persecution by government forces, but also against persecution by non-governmental groups that the government cannot control, such as the FARC." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (per curiam). Hoyos contends that the FARC persecuted him because, at the radio station where he worked: (1) he participated in programs advocating the growth of medicinal and

aromatic plants instead of coffee or illicit drugs; (2) he helped the radio station promote Colombian Liberal Party candidate Alvaro Uribe-Velez for the presidency, because that candidate strongly opposed guerillas; and (3) the radio station refused to pay the FARC a "war tax." Evidence that "merely shows that a person has been a victim of criminal activity," such as extortion, "does not constitute evidence of persecution based on a statutorily protected ground." *Id.* at 1258. However, "[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a 'well founded fear' of political persecution within the meaning of the INA." *Najjar*, 257 F.3d at 1289 (citations omitted). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of such an opinion." *Id.* at 1287 (internal quotes omitted). An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. *INS v. Elias-Zacaris*, 502 U.S. 478, 482, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992). "It is not enough to show that [he] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (per curiam).

The only complaint Hoyos presents that arguably involves a protected ground is that the FARC threatened him based on his involvement in radio

6

broadcasts supporting the campaign of Alvaro Uribe-Velez. Even so, his receipt by telephone of six or seven threats against his life and the lives of family members, the issuance of a bomb threat against the radio station, and one encounter with a man identifying himself as part of the FARC do not rise to the level of persecution, or establish a well-founded fear of future persecution. "[P]ersecution is an extreme concept, requiring more than a few isolated instances of verbal harassment or intimidation . . . ." *Sepulveda*, 401 F.3d at 1231 (internal quotes and citation omitted). There is no indication that the FARC ever attempted to carry out any of the threats Hoyos received, and neither he nor his family were physically harmed. *See id.* In fact, Hoyos's wife and two daughters remain in Colombia, and he testified that he did not think they were in danger of being harmed by the FARC when he left the country on business. *See Ruiz*, 440 F.3d at 1259. Furthermore, his sisters who live in Colombia have continued to collaborate with the Liberal Party. Thus, substantial evidence supports the IJ's decision that Hoyos was not entitled to asylum, and Hoyos has not shown that the record compels the opposite conclusion. Because eligibility for asylum carries a lower burden of proof than for withholding of removal, the latter claim must also fail. *See Najjar*, 257 F.3d at 1293.[1]

---

[1] Hoyos does not argue on appeal that he was entitled to relief under the Convention Against Torture ("CAT"). Even if he did, his failure to establish an asylum claim on the merits indicates that a CAT claim would likewise fail. *See Forgue*, 401 F.3d at 1288 n.4.

7

**PETITION DENIED.**